IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ERIC OLSEN, KEVIN D. SWARTZ, JASON C. MCBRIDE, | Case No. 05-6365-HO |
| Plaintiffs, | |
| v. | ORDER |
| ALBERTO GONZALES, in his official capacity as Attorney General of the United States of America, and ILENE LASHINSKY, in her official capacity as United States Trustee, | |
| Defendants. | |

Plaintiffs brings this suit challenging the constitutionality of various provisions of the Bankruptcy Code enacted in the Bankruptcy Abuse Prevention and Consumer Protection Act (BAPCPA). After the filing of motion to dismiss, the court concluded that

section 526(a)(4) of the BAPCPA, 11 U.S.C. § 526(a)(4), is overly restrictive in violation of the First Amendment.  While the court noted that plaintiffs had not at that point sufficiently alleged in the complaint the necessary chilling effect of section 526(a)(4), the complaint did allege chilling effects of the BAPCPA with respect to section 526(a)(1).  The court's review of section 526(a)(4) demonstrates that it is unconstitutional on its face and, while the court expected plaintiffs to provide an amended complaint to provide the allegations regarding chilled speech specifically addressed to that section, the submissions by the parties since the ruling demonstrate that plaintiffs do indeed suffer such a chilling effect as a result of section 526(A)(4).  See Declarations of Eric W. Olsen, Kevin D. Swartz (#s 41, 44) (noting that they find it necessary to advise clients to incur new debt prior to filing bankruptcy and expressing belief that the BAPCPA will be enforced against them).

Plaintiffs now move for a judgment on the pleadings, and for summary judgment regarding the constitutionality of section 526(a)(4).  Defendants oppose these motions and move for reconsideration of the court's decision that section 526(a)(4) violates the First Amendment.

The motion for reconsideration is granted and upon reconsideration the court affirms its finding that section 526(a)(4)'s prohibition on advising clients to incur debt in

contemplation of bankruptcy, if the client is an "assisted person," violates the First Amendment.  The court also affirms its finding that plaintiffs have standing to make such a challenge.  The record is sufficient to establish that 526(a)(4) applies to plaintiffs' intended speech to advice clients, who fall within the definition of "assisted person" under the BAPCPA, to legitimately incur debt in contemplation of bankruptcy.  The record also establishes that by its very existence, section 526(a)(4) has a chilling effect on plaintiffs' protected speech.  The challenged legislation has an immediate impact on plaintiffs' actions because of its over-inclusive nature.  Plaintiffs fear enforcement through monetary sanctions and thus the record demonstrates the necessary chilling effect on plaintiffs' protected advice regarding pre-bankruptcy planning for their clients.

The record demonstrates that section 526(a)(4) violates the First Amendment.  Accordingly, plaintiffs' motions for summary judgment and a judgment on the pleadings are granted.

## CONCLUSION

For the reasons stated above, defendants' motion for reconsideration (#35) is granted, and the court's previous order is affirmed.  In addition, plaintiffs' motions for summary judgment (#39) and judgment on the pleadings (#34) are granted and judgment is entered in favor of plaintiffs with respect to their First

Amendment challenge to 11 U.S.C. § 526(a)(4).

Dated this ___7th___ day of May, 2007.

                                                ___s/ Michael R. Hogan___
                                                UNITED STATES DISTRICT JUDGE